Filed 9/12/14  In re F.V. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re F.V., et al., Persons Coming Under the Juvenile Court Law. | B253159<br>(Los Angeles County Super. Ct. No. CK97155) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>EDGAR V.,<br><br>　　　Defendant and Appellant. | |

APPEAL from the orders of the Superior Court of Los Angeles County, Annabelle Cortez, Judge.  Affirmed.

Catherine C. Czar, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Jessica S. Mitchell, Deputy County Counsel, for Plaintiff and Respondent.

_____

Edgar V. (father) appeals from the dependency court's jurisdictional and dispositional orders over his children—F.V. (age 6), A.V. (age 5), E.V. (age 2), and Z.V. (13 months). Relying primarily on *In re A.G.* (2013) 220 Cal.App.4th 675 (*A.G.*), father argues the court had no basis to assert jurisdiction under Welfare and Institutions Code section 300[1] because the children had been, and continue to be, in the safe custody of their non-offending mother. Without addressing the contention of the Department of Children and Family Services (Department) that *A.G.* was incorrectly decided, we hold that the court properly exercised jurisdiction and therefore affirm.

## PROCEDURAL HISTORY

Adjudication and disposition hearings were held on November 20, 2013. After admission of the evidence at the adjudication hearing, counsel for father asked the court to "dismiss all of the allegations in this petition." Counsel argued that father denied ever hitting mother, and "that is was the mother who was abusive to him" and father was on one occasion "reacting to the mother's violent behavior." Counsel contended that father never used drugs in the presence of mother or the children and the last drug use, in 2012, was remote in time. Finally, counsel argued that father denied having emotional problems or auditory hallucinations, he does not know why he was hospitalized, and he was discharged in a stable and improved condition one year before the hearing. Counsel for the children and counsel for the Department argued the petition should be sustained.

The dependency court sustained the petition in counts a-1 (substantial risk of serious physical harm under § 300, subd. (a)) and b-3 (failure to protect under § 300, subd. (b)) based on findings of a history of violent altercations between the parents, including father striking mother in the neck in the presence of A.V. Allegations against mother in counts a-1 and b-3 were stricken by the court. The court also sustained the

---

[1] All statutory references are to the Welfare and Institutions Code, unless otherwise stated.

petition based on failure to protect under section 300, subd. (b), based on findings that father (1) has a 20-year history of substance abuse including methamphetamine and cocaine and is a current user of methamphetamine and alcohol, and on several occasions, father was under the influence of drugs and alcohol when the children were in his care and supervision (count b-1); and (2) father has mental and emotional problems including auditory hallucinations and was involuntarily hospitalized for evaluation and treatment of his psychiatric condition (count b-2).

After the petition was sustained, the court addressed the issue of disposition. Counsel for father asked "that the court not terminate with a family law order. My client does have concerns with the children's safety with the mother. [¶] We are asking for reunification services and we believe it's in the children's best interest to have the opportunity to reunify with the father."

The court ruled there was no reason to keep the case open. The court ordered the children removed from the custody of father. Mother was granted sole physical and legal custody of the children, who had been living safely for months with mother in Neveda. Father was granted a minimum of one monitored visit per month.

Jurisdiction terminated two days later on November 22, 2013, with the filing of the family law order. The order recommends the following programs for father before a change in the custody or visitation orders: a drug abuse program with random testing; a domestic violence offenders program; parenting classes; and individual counseling to address case issues. The order also recommends a psychiatric evaluation and that father take all prescribed psychotropic medication.

**FACTS**

Father's contention on appeal is that there is no basis for dependency jurisdiction because the children are safely in the custody of a non-offending mother. (See *A.G.*, *supra*, 220 Cal.App.4th 675.) Father understandably makes no argument that the findings against him are not supported by substantial evidence. Facts pertinent to the issue raised

3

on appeal will be set forth in the discussion below. We merely note at this point that our review of the record reveals abundant evidence of domestic violence by father, his unresolved long-term drug problems, and his substantial mental health issues as reflected in an involuntary commitment under section 5150 and the suspension of criminal proceedings against him pursuant to Penal Code section 1168 upon a finding he was incompetent to stand trial.

## DISCUSSION

We reject father's contention that there is no basis for dependency jurisdiction under the reasoning of *A.G.*, *supra*, 220 Cal.App.4th 675. There is substantial evidence to support the court's jurisdictional findings based on father's conduct and mother's response.

"[I]t is necessary only for the court to find that one parent's conduct has created circumstances triggering section 300 for the court to assert jurisdiction over the child. (*In re P.A.* (2007) 155 Cal.App.4th 1197, 1212; *In re Alexis H.* (2005) 132 Cal.App.4th 11, 16.) Once the child is found to be endangered in the manner described by one of the subdivisions of section 300—e.g., a risk of serious physical harm (subds. (a) & (b)), serious emotional damage (subd. (c)), sexual or other abuse (subds. (d) & (e)), or abandonment (subd. (g)), among others—the child comes within the court's jurisdiction, even if the child was not in the physical custody of one or both parents at the time the jurisdictional events occurred. (*In re Claudia S.* [(2005)] 131 Cal.App.4th [236,] 246.) For jurisdictional purposes, it is irrelevant which parent created those circumstances. A jurisdictional finding involving the conduct of a particular parent is not necessary for the court to enter orders binding on that parent, once dependency jurisdiction has been established. (*In re Alexis H.,* [*supra,*] at p. 16.) As a result, it is commonly said that a jurisdictional finding involving one parent is '"good against both. More accurately, the minor is a dependent if the actions of either parent bring [him] within one of the statutory

4

definitions of a dependent."' (*In re X.S.* (2010) 190 Cal.App.4th 1154, 1161.)" (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1491-1492.)

The Department contends *A.G.*, *supra*, 220 Cal.App.4th 675, is incorrectly decided and should not be followed. Without detailing our shared skepticism of the reasoning in *A.G.*, it is a sufficient response to father's contention to simply distinguish the case on the facts. In *A.G.*, dependency jurisdiction was based on the mother's mental illness that rendered her unable to care for her children. (*Id.* at p. 677.) The *A.G.* court found that the father "has always been, and is, capable of properly caring for [the children]." (*Id.* at p. 686.) Based on its determination the children were not at risk while in the care of father, the A.*G.* court concluded "that matters such as this one belong in the family court." (*Ibid.*)

The instant case is not a custody battle that belongs in the family law court. The evidence established that mother stayed with father despite his serious mental illness issues and drug abuse, placing the children at risk. Two of the counts involved a history of domestic violence between father and mother, including one incident in which father struck mother in the neck in the presence of one of the children. Although the allegations in the petition against mother were stricken, it is clear from the record that mother's conduct in staying with father, and minimizing his domestic violence in the home, did place the children at risk.

*A.G.*, unlike the instant case, did not involve domestic violence in the presence of a child. Domestic violence in the household where children live creates a substantial risk of serious harm or illness and is detrimental to children. (*In re E.B.* (2010) 184 Cal.App.4th 568, 576; *In re Heather A.* (1996) 52 Cal.App.4th 183, 194.) "'The purpose of the California dependency system is to protect children from harm and preserve families when safe for the child. (§ 300.2.)' (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 228.)" (*D.M. v. Superior Court* (2009) 173 Cal.App.4th 1117, 1129.) The jurisdictional order in this case was consistent with the purpose of the dependency court.

5

## DISPOSITION

The orders of the dependency court are affirmed.


       KRIEGLER, J.

We concur:


       TURNER, P. J.


       MINK, J.[*]

---

[*] Retired judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.